UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES SANDERS,<br><br>           Plaintiff,<br><br>    v.<br><br>G. ELYON, et al.,<br><br>           Defendants. | No.  2:14-cv-2291 KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

      Plaintiff is a California state prisoner presently housed in La Palma Correctional Center, Eloy, Arizona.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  In addition to his civil rights complaint, plaintiff filed a motion for "immediate preliminary injunction (stay and restraining order)," in which he seeks a court order staying defendants' transfer endorsement, restraining defendants from physically transferring plaintiff until he exhausts his administrative remedies and "a federal court adjudicates the accompanying lawsuit."  (ECF No. 5 at 1.)  Plaintiff also filed a motion for stay and abeyance of this action to enable him to complete the administrative exhaustion process.  As set forth below, the court finds that plaintiff's motions should be denied and the complaint dismissed without prejudice.

II.  Request to Proceed In Forma Pauperis and Filing Fee

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

III.  Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Here, plaintiff contends that he has been endorsed for transfer back into the California state prison system, and that such transfer constitutes deliberate indifference, in violation of the Eighth and Fourteenth Amendments, because defendants know that California's prison system is unconstitutionally overcrowded. (ECF No. 1 at 4.) In support of his claim, plaintiff claims that on October 4, 2006, the State of California declared a state of emergency for its overcrowded prison system, and to abate the substantial risk to inmates' health and safety, involuntarily transferred inmates to out-of-state correctional facilities. (ECF No. 1 at 4.) Plaintiff notes that the overcrowding issues are subject to federal court oversight. (Id., citing Coleman v. Brown, 2:90-cv-0520 KJM DAD P (E.D. Cal.), and Plata v. Brown, C01-1351 THC (N.D. Cal.). Plaintiff alleges that defendants Delyon and Desmangles were responsible for transferring inmates from California state prisons to out-of-state prisons in response to the emergency, and are similarly responsible for transferring such inmates back into California state prisons. (ECF No. 1 at 4.)

Inmates do not have a constitutional right to be incarcerated at a particular correctional facility or in a particular cell or a unit within a facility. See Montayne v. Haymes, 427 U.S. 236,

1  242-43 (1978) (no constitutional right to be housed in a particular state prison); <u>Meachum v.</u>
2  <u>Fano</u>, 427 U.S. 215, 224 (1976) (holding that no due process protections were required upon the
3  discretionary transfer of state prisoners to a substantially less agreeable prison); <u>see also</u> <u>Olim v.</u>
4  <u>Wakinekona</u>, 461 U.S. 238, 245 (1983) (finding that "[j]ust as an inmate has no justifiable
5  expectation that he will be incarcerated in any particular prison within a State, he has no
6  justifiable expectation that he will be incarcerated in any particular State.").

7      Because plaintiff has no constitutional right to be housed at a particular prison, plaintiff's
8  complaint fails to state a cognizable Eighth Amendment claim for relief.

9  IV.  <u>Motion for Preliminary Injunction</u>

10     In his motion for injunctive relief, plaintiff seeks to restrain defendants from physically
11 transferring plaintiff to any other state prison pending exhaustion of his administrative remedies,
12 and until a federal court adjudicates the instant action. (ECF No. 5 at 3.) Plaintiff alleges that he
13 will be subject to unconstitutionally overcrowded prison conditions in the absence of immediate
14 preliminary relief. (ECF No. 5 at 3.) Plaintiff appends, *inter alia*, a copy of the California State
15 Governor's Proclamation dated January 8, 2013, the endorsement for plaintiff's non-adverse
16 transfer to CCI-I-SNY, with an alternate of MCSP-I-SNY, and his informal and first level
17 administrative appeals.

18     The party requesting preliminary injunctive relief must show that "he is likely to succeed
19 on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that
20 the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v.</u>
21 <u>Natural Resources Defense Council</u>, 555 U.S. 7, 20 (2008); <u>Stormans, Inc. v. Selecky</u>, 586 F.3d
22 1109, 1127 (9th Cir. 2009) (quoting <u>Winter</u>). The propriety of a request for injunctive relief
23 hinges on a significant threat of irreparable injury that must be imminent in nature. <u>Caribbean</u>
24 <u>Marine Serv. Co. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).

25     Alternatively, under the so-called sliding scale approach, as long as the plaintiff
26 demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the
27 public interest, a preliminary injunction may issue so long as serious questions going to the merits
28 of the case are raised and the balance of hardships tips sharply in plaintiff's favor. <u>Alliance for</u>

1  Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious
2  questions" version of the sliding scale test for preliminary injunctions remains viable after
3  Winter).

4      The principal purpose of preliminary injunctive relief is to preserve the court's power to
5  render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur
6  R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010).  As noted above, in addition to
7  demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary
8  injunction, plaintiff must show a "fair chance of success on the merits" of his claim.  Sports
9  Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation
10 omitted).  Implicit in this required showing is that the relief awarded is only temporary and there
11 will be a full hearing on the merits of the claims raised in the injunction when the action is
12 brought to trial.  In cases brought by prisoners involving conditions of confinement, any
13 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
14 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
15 correct the harm." 18 U.S.C. § 3626(a)(2).

16     Because plaintiff has no constitutional right to housing at a particular institution, as set
17 forth above, plaintiff cannot demonstrate a fair chance of success on the merits of his claim.  In
18 addition, the proclamation cited and appended by plaintiff specifically recounts the efforts of
19 prison officials to reduce prison overcrowding, in particular the 2011 Public Safety Realignment
20 Act, and notes that California state prison populations have been reduced by over 43,000 inmates
21 since October of 2006.  (ECF No. 5 at 8.)  The proclamation states that inmates are no longer
22 housed in prison common areas, gymnasiums or dayrooms, and cites new construction, both
23 completed and ongoing.  Finally, the proclamation states that the Legislature approved a plan to
24 further improvement the prison system following realignment.  (Id.)  In light of this proclamation,
25 plaintiff's motion is speculative and fails to demonstrate imminent or irreparable harm.

26     Accordingly, plaintiff's motion for injunctive relief should be denied without prejudice.
27 ////
28 ////

1    V. <u>Motion for Stay and Abeyance</u>

2          As set forth above, plaintiff seeks to stay this action pending completion of the exhaustion

3 of administrative remedies. In his complaint, as well as his motion for stay, plaintiff concedes

4 that he has not yet exhausted his administrative remedies.

5          The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to

6 provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

7 § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

8 facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

9 Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. <u>Porter v. Nussle</u>, 534 U.S. 516,

10 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of

11 confinement, whether they involve general circumstances or particular episodes, and whether they

12 allege excessive force or some other wrong. <u>Porter</u>, 534 U.S. at 532.

13          Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal

14 standards, nor must they be "plain, speedy and effective." <u>Id.</u> at 524; <u>Booth v. Churner</u>, 532 U.S.

15 731, 740 n.5 (2001); <u>accord</u> <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007) ("There is no question that

16 exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in

17 court."). Even when the prisoner seeks relief not available in grievance proceedings, notably

18 money damages, exhaustion is a prerequisite to suit. <u>Booth</u>, 532 U.S. at 741. A prisoner "seeking

19 only money damages must complete a prison administrative process that could provide some sort

20 of relief on the complaint stated, but no money." <u>Id.</u> at 734. The fact that the administrative

21 procedure cannot result in the particular form of relief requested by the prisoner does not excuse

22 exhaustion because some sort of relief or responsive action may result from the grievance. <u>See</u>

23 <u>Booth</u>, 532 U.S. at 737; <u>see also</u> <u>Porter</u>, 534 U.S. at 525 (purposes of exhaustion requirement

24 include allowing prison to take responsive action, filtering out frivolous cases, and creating

25 administrative records). The Supreme Court has cautioned courts against reading futility or other

26 exceptions into the PLRA exhaustion requirement. <u>See</u> <u>Booth</u>, 532 U.S. at 741 n.6.

27          A prisoner need not exhaust further levels of review once he has either received all the

28 remedies that are "available" at an intermediate level of review, or has been reliably informed by

an administrator that no more remedies are available.  Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  Because there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process.  Id., at 936-37.

Non-exhaustion under § 1997e(a) is an affirmative defense.  Bock, 549 U.S. at 204, 216.  However, where it is clear that a plaintiff has not first exhausted his administrative remedies, courts may dismiss such claims *sua sponte*.  See id. at 199, 214-16 (exhaustion is an affirmative defense and sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes the failure to exhaust); see also Salas v. Tillman, 162 Fed. Appx. 918 (11th Cir. 2006), cert. denied, 549 U.S. 835 (2006) (district court's sua sponte dismissal of state prisoner's civil rights claims for failure to exhaust was not abuse of discretion; prisoner did not dispute that he timely failed to pursue his administrative remedies, and a continuance would not permit exhaustion because any grievance would now be untimely).

Plaintiff concedes that he did not complete exhaustion of his administrative remedies prior to the filing of this action.  However, plaintiff contends that he is in good faith actively pursuing his administrative appeals, and argues that staying an action pending PLRA exhaustion is not without precedent, citing Cruz v. Jordan, 80 F.Supp.2d 109, 123 (S.D. N.Y. 1999), and Kennedy v. Mendez, 2004 WL 2280225 (M.D. Pa., Oct. 7, 2004).  (ECF No. 4 at 4.)  Plaintiff argues that Cruz and Kennedy had not yet commended their administrative appeals, yet the courts stayed their proceedings until exhaustion was completed.  (ECF No. 4 at 4.)

First, this court is bound by the Supreme Court and Ninth Circuit authority requiring exhaustion prior to the filing of an action.  Neither of the cases cited by plaintiff are binding on this court.

Second, neither case cited by plaintiff persuade the court otherwise.  Cruz was decided before the Supreme Court clarified in 2002 that exhaustion was mandatory in Porter, 534 U.S. at 532, and despite the clear language of Section 1997e(a), that "[n]o action shall be brought . . .

until such administrative remedies . . . are exhausted." Cruz, 80 F.Supp.2d at 121, quoting Section 1997e(a). The Kennedy case upon which plaintiff relies is further distinguishable because the litigation process was nearly completed, with discovery closed, and the motions deadline was pending. Id., 2014 WL 2280225, *2. Moreover, Kennedy had already exhausted the administrative remedies for his gastroenterological complaints, and the court found that plaintiff's unexhausted medical claims related to Kennedy's exhausted claims. Id. Here, despite the fact that plaintiff is in the process of exhausting his administrative remedies, plaintiff has filed a new action where no claims are presently exhausted.

Thus, plaintiff's motion for stay and abeyance should be denied.

## VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Warden of the La Palma Correctional Center filed concurrently herewith.

3. The Clerk of the Court is directed to assign a district judge to this case.

IT IS RECOMMENDED that:

1. Plaintiff's motion for stay and abeyance (ECF No. 4) be denied;

2. Plaintiff's motion for injunctive relief (ECF No. 5) be denied; and

3. Plaintiff's complaint be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

////

////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 14, 2014

/sand2291.56.pi

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE